**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JAN 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CAROLINE L. CONNOR, M.D.,

Plaintiff-Appellee,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

Defendant-Appellant.

No. 21-15034
    21-16246

D.C. No. 4:19-cv-06552-YGR

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted June 15, 2022
San Francisco, California

Before:  BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Unum Life Insurance Company of America ("Unum") appeals from the

district court's judgment awarding Plaintiff-Appellee Caroline Connor benefits

under a long-term group disability plan ("the Plan") as well as from the district

court's post-judgment order awarding Connor attorney's fees.  Because the Plan is

governed by the Employee Retirement Income Security Act of 1974 ("ERISA"),

the district court had jurisdiction under 28 US.C. § 1331.  We have jurisdiction

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

under 28 U.S.C. § 1291, and we affirm.

1. The district court properly held that Connor—whom all parties agree suffers from a disability within the meaning of the Plan—had an employment status that made her eligible for benefits under the Plan.

a. Reviewing de novo, *see Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), we agree with the district court's conclusion that, if Connor worked at least 30 hours per week, she was eligible for benefits.

By its terms, the Plan provides benefits to:

> All Full-Time Employees in **active employment** in the United States with the **Employer**. Temporary and seasonal workers are excluded from coverage.

The Plan's use of boldface type signifies a defined term, and the Plan's definition of "active employment" was as follows:

> ACTIVE EMPLOYMENT means you are working for your Employer for earnings that are paid regularly and that you are performing the substantial and material acts of your usual occupation. You must be working at least 30 hours per week.

The phrase "Full-Time" is not defined by the Plan.

The Plan's language is susceptible to the reasonable reading that an employee who works at least 30 hours per week and is not a temporary or seasonal worker is a "Full-Time Employee[] in active employment" and therefore eligible for benefits. By its plain terms, the definition of "active employment" only requires "at least 30 hours per week." Unum asserts (1) that the eligibility

2

language requires an employee to be *both* a "Full-Time" employee and "in active employment"; and (2) that the phrase "Full-Time" raises the required minimum to at least 35 hours per week. But it would be odd to read the eligibility provision as *expressly* specifying a particular numerical standard for weekly work, only to then *implicitly* override that numerical standard by the additional use of a general and undefined term. It would be much more natural to read the provision as meaning that a person is a "Full-Time" employee if she meets the 30-hour minimum required for "active employment" and she is not a temporary or seasonal worker. That reading gives effect to all of the relevant words in a way that assigns appropriate significance to the provision's reference to an express numerical standard. Indeed, there is evidence in the record that Unum employees responsible for interpreting and enforcing the terms of the Plan interpreted it as only requiring 30 hours per week. At the very least, the above-described reading of the Plan's language is reasonable, and we therefore must adopt it here. *See Babikian v. Paul Revere Life Ins. Co.*, 63 F.3d 837, 840 (9th Cir. 1995) (holding that, if "two reasonable and fair interpretations are possible," then "an ambiguity exists" and "we must resolve it in favor of the insured" (citation omitted)).

b. Reviewing for clear error, *see Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc), we hold that the district court properly determined that Connor worked at least 30 hours per week.

3

Unum points to what it claims is substantial evidence in the record confirming that Connor worked less than 30 hours per week. But under the clearly erroneous standard, the only question before us is whether the district court's finding is based on a reasonable and permissible reading of the record evidence. *See Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2349 (2021) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (citation omitted)). The district court's finding is adequately supported under that deferential standard.

Connor submitted a declaration under penalty of perjury that, as the district court put it, "detailed her calculations showing that she averaged 32.5 hours per week, before inclusion of on-call hours." Moreover, in completing a form for Unum concerning Connor's claim, a "physician benefits specialist" for Connor's employer reported in January 2019 that Connor's regular work schedule was 30 to 32 hours per week. In a follow-up call from Unum in February 2019, the same benefits specialist explained that, although Connor only had three days a week of "patient face time," the higher figure of "30–32 hours a week" was based on additional hours "for administrative work." Unum notes that, in response to a voicemail request from Unum in March 2019, the same specialist reported back by email that an unnamed "Medical Office Manager indicate[d] that Dr. Connor's working hours were approximately 19 per week." But the district court explained

4

that it found the latter statement unpersuasive, because the statement was vague and lacked any indicia of reliability, and because Unum failed to explain why the specialist was now contradicting what she had stated twice before. The district court discounted, as not pertaining to the relevant time period, Unum's reliance upon a different hours estimate that Connor included in connection with a separate insurance claim to another company six months earlier. The district court also rejected Unum's reliance upon the lower anticipated hours set forth in Connor's employment contract, because it did not prove that Connor "*actually*" worked only those hours during her subsequent employment.

It is irrelevant whether we would have weighed the evidence the same way that the district court did. The district court reasonably evaluated the conflicting evidence, and there was no clear error in its finding that Connor worked at least 30 hours per week, even without considering "on-call" hours.

2. The district court did not abuse its discretion in its award of attorney's fees to Connor.

Because we affirm the judgment on the merits in her favor, Connor has obtained sufficient success on the merits to be eligible for a reasonable fee award, *see Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010); *see also* 29 U.S.C. § 1132(g)(2)(D), and here there are no "special circumstances [that] would render such an award unjust," *Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138,

1148 (9th Cir. 2003).

The district court did not abuse its discretion in setting hourly rates for the attorneys in question. Contrary to Unum's contention, the record contains evidence, in the form of declarations from other practitioners in the relevant market, as to actual hourly rates paid to local attorneys in ERISA cases. *See United Steelworkers of Am. v. Retirement Income Plan for Hourly-Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (finding no abuse of discretion in relying on such evidence). Unum's remaining objections to the district court's selection of rates and to the court's review of time entries reflect, at most, a disagreement with the court's weighing of the record evidence on these points. Unum's objections do not establish an abuse of discretion.

**AFFIRMED.**